IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY L. CRAFT, #L4910                                               PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 4:05cv155TSL-AGN

UNKNOWN HERRARA, et al.                                            DEFENDANTS

OPINION AND ORDER

On September 28, 2005,  the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.   On November 10, 2005, an order was entered directing the plaintiff to file an amended complaint, within twenty days.  The plaintiff was warned in this court's order of November 10, 2005, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed to comply with this order.

On December 29, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this court's November 10, 2005 order.  In addition, the plaintiff was directed to comply with the November 10, 2005 order by filing an amended complaint, within fifteen days.  The plaintiff was also warned in this court order that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint.  Plaintiff failed to comply with this order.

The plaintiff has failed to respond to two court orders.  It is apparent from the plaintiff's failure to communicate with this court that he lacks  interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua

sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d

1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant

because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly

and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the court.

Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and

have never appeared in this action, and since the court has never considered the merits of

plaintiff's claims, the court's order of dismissal should provide that dismissal is without

prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   21st    day of  February, 2006.


        /s/ Tom S. Lee
      UNITED STATES DISTRICT JUDGE